# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1181V
Filed: August 9, 2016
Not for Publication

*************************************
DIANE ODEAN PATRICK,            *
                                *
       Petitioner,                *
                                *
v.                              *   Attorneys' fees and costs decision;
                                *   reasonable attorneys' fees and
SECRETARY OF HEALTH             *   costs
AND HUMAN SERVICES,             *
                                *
       Respondent.                *
                                *
*************************************

Brian K. Pack, Glasgow, KY, for petitioner.
Ryan D. Pyles, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

      On October 13, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012).  Petitioner alleged she developed Guillain-Barré syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") due to her receipt of the influenza ("flu") vaccine on October 11, 2013.  Pet. at 1.  On June 21, 2016, the undersigned issued an Order Concluding Proceedings pursuant to petitioner's Motion to Dismiss.

      On June 28, 2016, petitioner filed a motion for attorneys' fees and costs.  Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

requests attorneys' fees in the amount of $24,395.00 and attorneys' costs in the amount of $777.52, for a total request of $25,172.52.   In compliance with General Order #9, petitioner's counsel stated petitioner did not incur any expenses in pursuit of her claim.   Pet'r's counsel's aff. at 1.

On July 14, 2016, respondent filed a response to petitioner's motion explaining she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   However, respondent asserts that a "reasonable amount for [attorneys'] fees and costs would fall between $18,000.00 and $21,000.00."   Id. at 3.   Respondent bases this estimate on a "survey of fee awards in simple flu vaccine/[GBS] cases that settle in the Program."   Id.   She cites 11 cases in which petitioners were awarded between $8,991.79 and $23,328.91 in attorneys' fees and costs for cases that were settled in which the petitioner alleged the flu vaccine caused him or her to develop GBS.   Respondent also notes that unlike the cases she cites, "this case involved no damages preparations or settlement negotiations."   Id.

Petitioner's reply to respondent's response was due by July 25, 2016.   However, petitioner chose not to file a response.   Therefore, this matter is ripe for adjudication.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."   Id.   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent's counsel attempts to justify her suggested range of attorneys' fees by citing 11 cases in which a lower amount of attorneys' fees and costs were awarded than the amount petitioner requests.   The undersigned does not find respondent's reasoning persuasive.   Each case in the Vaccine Program is different.   Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.   This case necessitated the filing of 6,317 pages of medical records, which would have taken petitioner's counsel a great deal of time to review.   Moreover, the attorneys in the Vaccine Program are located all around the United States and have different levels of experience in the Vaccine Program, and are, accordingly, entitled to different hourly rates under both Avera and McCulloch.   Avera v. Sec'y of HHS, 515 F.3d 1343, 1347 (Fed. Cir. 2008); McCulloch v. Sec'y of HHS, No. 09-293V, 2015 WL 5634323, at *16 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), reconsideration denied, No. 09-293V, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).   Consequently, it is not necessarily instructive to compare cases involving the same type of alleged vaccine injury to determine the appropriate award of attorneys' fees and costs to award in a case.

The undersigned has reviewed the billing records submitted by petitioner.   Based on her

2

experience she finds the amount requested by petitioner to be reasonable, with one exception. Petitioner's counsel billed one hour of time at the hourly rate of $250.00 for "travel to Scottsville and return." It is well established that travel time is compensated at 50 percent of counsel's hourly rate when the attorney is not performing work while traveling. See, e.g., Carter v. Sec'y of HHS, No. 04-1500V, 2007 WL 2241877 (Fed. Cl. Spec. Mstr. July 13, 2007). There is no indication that counsel performed work while traveling. Therefore, one hour of petitioner's counsel's time will be compensated at a 50 percent rate. **Accordingly, the undersigned reduces petitioner's award of attorneys' fees and costs by $125.00**.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$25,047.52**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Herbert, Herbert & Pack in the amount of **$25,047.52**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 9, 2016                                                    s/ Laura D. Millman
                                                                                       Laura D. Millman
                                                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.